IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MRC ASSOCIATES, LLC, *derivatively on behalf of* *Granite Hill Funding, LLC,* | * * * | |
| Plaintiff, | * | |
| v. | * | Civil No. 24-1261-BAH |
| BRUCE S. COOK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff MRC Associates (hereinafter "Plaintiff" or "MRC") derivatively on behalf of Granite Hill Funding, LLC ("Granite Hill") brought suit against Bruce Cook (hereinafter "Defendant") in the Circuit Court of Maryland for Baltimore County alleging breach of fiduciary duty (count I) and seeking declaratory (count II) and injunctive relief (count III). ECF 2 (complaint). Pending before the Court is Plaintiff's motion to remand (the "Motion"). ECF 10. Defendant filed an opposition, ECF 11, and Plaintiff filed a reply, ECF 12. All filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

**I.     BACKGROUND**

This lawsuit involves brothers Bob Cook and Defendant Bruce Cook and their cascading limited liability companies. Granite Hill is a Maryland limited liability company comprised of

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

two members: Plaintiff MRC and BSC Associates, LLC ("BSC"), each of which are limited liability companies themselves. ECF 2, at 1–2 ¶¶ 1–2. Defendant Bruce Cook, a citizen of Washington, D.C., is the sole member of BSC. *Id.* at 2 ¶ 2. Bob Cook, a citizen of Florida, ECF 8, at 2 ¶ 7, is the sole member of MRC, ECF 2, at 2 ¶ 1; *see also* ECF 1, at 1–2 ¶ 3. Plaintiff MRC is suing derivatively on behalf of Granite Hill. ECF 2, at 2 ¶ 1. Granite Hill's operating agreement, which is unsigned, provides that it is "exclusively managed by the affirmative vote of" its two managers—Bob Cook and Defendant Bruce Cook. ECF 2, at 2–3 ¶ 10; ECF 2-2, at 5 ¶ 8.

In October 2020, Granite Hill granted Westview Court Investors, LLC ("Westview") a $3,400,000 loan, required to be repaid with accrued interest by its October 31, 2023 maturity date. ECF 2, at 4 ¶¶ 17–21. Westview's members are Bob Cook, Richard Cohen, Esq., Defendant, and Defendant's two children. *Id.* ¶ 18. To secure the loan, Westview executed a deed of trust, granting Granite Hill a security interest in a commercial property located in Frederick, Maryland. *Id.* at 5 ¶ 24. If Westview defaulted on the loan, Granite Hill was authorized to execute its rights under the deed of trust and foreclose on the property. *Id.* ¶ 25. Acting in his capacity as a member of Granite Hill, Defendant refused to vote in support of any action against Westview by Granite Hill to collect on the defaulted loan. *Id.* at 6 ¶ 29. Defendant's refusal to affirmatively vote in support of any action created a deadlock. *Id.* at 7 ¶ 33.

On January 2, 2024, Plaintiff filed its complaint in state court. ECF 2. The complaint alleges that Defendant breached his fiduciary duties as a manager of Granite Hill by refusing to affirmatively cast his vote to enable Granite Hill to collect on Westview's defaulted loan. *Id.* at 8 ¶ 40. After Plaintiff made unsuccessful demands on Granite Hill that it enforce its rights under the promissory note and deed of trust, Plaintiff filed this derivative action to enforce Granite Hill's rights. *Id.* at 7 ¶ 31. On January 9, 2024, Plaintiff served the complaint and summons upon

2

Defendant via substitute service. ECF 10, at 2; ECF 1-4. On February 23, 2024, Defendant filed a motion to dismiss in the state court arguing that Plaintiff did not properly effectuate service upon him. ECF 10, at 2; ECF 1-5. The state court ultimately denied Defendant's motion to dismiss. ECF 10, at 3; ECF 1-7. Thereafter, Defendant moved for reconsideration of his motion to dismiss and filed an answer to the complaint. ECF 10, at 3; ECF 1-9 (motion to reconsider); ECF 1-8 (answer dated March 29, 2024). The state court denied his motion for reconsideration on April 26. ECF 10, at 3; ECF 1-13. On April 30, 2024, Defendant removed the action to this Court, based on diversity jurisdiction, thirty-two days after he filed his answer in the state court. ECF 1 (notice of removal); ECF 1-20 (civil cover sheet noting diversity as the basis for jurisdiction). The notice of removal asserts that removal was timely because Defendant was never properly served. ECF 1, at 2 ¶ 9. After removal, Plaintiff then filed the instant motion to remand, ECF 10, which is fully ripe and ready for disposition.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal law grants defendants "[t]he right to remove a case from state to federal court" if a United States district court would have original jurisdiction over the case. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). A federal district court has original diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "The presence of [a] nondiverse party automatically destroys original [diversity]

3

jurisdiction . . . ." *Id.* at 389. "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir. 2004)).

Federal courts are reluctant "to interfere with matters properly before a state court." *Zambito v. Ocular Benefits, LLC*, Civ. No. DKC 23-1875, 2023 WL 8545230, at *2 (D. Md. 2023). Therefore, in reviewing a motion to remand, "[federal] courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F. Supp. 700, 701–02 (D. Md. 1997); *Creekmore v. Food Lion, Inc.,* 797 F. Supp. 505, 507 (E.D. Va. 1992). "[I]f the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to 'demonstrat[e] that removal jurisdiction is proper.'" *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (emphasis omitted).

## III.   ANALYSIS

Plaintiff argues that this action should be remanded to state court because this Court lacks subject matter jurisdiction as there is not complete diversity between the parties. *See* ECF 10, at 5–6. Plaintiff further argues that remand is proper because Defendant did not timely remove the case to this Court. *Id.* at 6–8. Underlying this argument is that for this Court to find removal timely, it would have to reconsider the state court's order finding service properly effectuated. *See id.* at 7. Finally, Plaintiff argues that removal was untimely based on the date he filed his answer in state court. *Id.* at 8. In opposition, Defendant argues that there is complete diversity between the parties—MRC and Defendant—and that Granite Hill is not a party to action, so its citizenship is not to be considered. ECF 11, at 6. Defendant spends the bulk of his opposition arguing that removal was timely because he was never properly served in state court. *Id.* at 6–13. Because the

4

Court finds that it does not have subject matter jurisdiction, it will remand the action to state court and will not address the timeliness of removal or whether service was proper.

The Court first addresses the citizenship of each entity. Granite Hill is a citizen of all the states of which its members are citizens. Plaintiff MRC, whose sole member is a citizen of Florida, is a citizen of Florida. BSC, whose sole member is a citizen of Washington, D.C., is a citizen of Washington, D.C. Therefore, because Granite Hill is comprised of MRC and BSC, for diversity purposes, it is a citizen of both Florida and Washington, D.C. This is not in dispute. *See* ECF 11, at 1–2 ("Plaintiff is a citizen of Florida and Defendant is a citizen of Washington, D.C. Thus, there is complete diversity between the parties, and diversity jurisdiction is proper."). Rather, Defendant argues exclusively that Granite Hill's citizenship should not be considered because it is not a party to this suit. *Id.* at 6. The Court is not so persuaded.

A derivative action is a suit initiated by a member or shareholder against a third party on behalf of a business entity to enforce a corporate cause of action. *See Price v. Gurney*, 324 U.S. 100, 105 (1945); *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). As such, the business entity on whose behalf the suit is brought is a necessary party to the suit. *See Price*, 324 U.S. at 105. The Fourth Circuit evaluates diversity jurisdiction in a derivative suit based on the citizenship of the represented business entity in addition to the respective citizenships of the plaintiff and the defendant. *See Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004); *Smith v. Sperling*, 354 U.S. 91 (1957).

Defendant asserts that "[w]hile plaintiffs in derivative actions often name the corporate entity as either a nominal defendant or a nominal plaintiff, Plaintiff did not do so here." ECF 11, at 6. In doing so, he directs the Court to no authority in support of his point, and the Court is not otherwise persuaded that the case caption is dispositive on the issue. *See Gen. Tech. Applications,*

5

*Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (evaluating diversity jurisdiction with the represented entity aligned both as a plaintiff and as a defendant); *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) ("Although named a defendant, [the corporation] is the real party in interest, the stockholder being at best the nominal plaintiff.").

Further, Fed. R. Civ. P. 10(a) provides that the title of the complaint must name all the parties. In the instant case, the complaint names the plaintiffs as "MRC Associates, LLC, *derivatively on behalf of Granite Hill Funding, LLC*." ECF 2, at 1 (emphasis added). Under each count, the complaint specifies "Granite Hill v. Defendant." *See* ECF 2, at 8 (count I), at 9 (count II), at 11 (count III). And while the overlap between the various LLCs may confuse the matter somewhat on the merits, the complaint invariably seeks to vindicate the rights of Granite Hill.

Based on the foregoing, the Court must consider Granite Hill's citizenship when determining whether it possesses diversity jurisdiction. Because Granite Hill is a citizen of the same state as each of the Plaintiff and Defendant, there is not complete diversity. The Court therefore lacks subject matter jurisdiction. As such, it need not (and indeed cannot) address the remaining arguments. The matter will be remanded to the Circuit Court for Baltimore County.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED.** A separate implementing Order will issue.

Dated: <u>January 6, 2025</u>                              /s/
                                                 Brendan A. Hurson
                                                 United States District Judge